(43 Misc. Rep. 550.)

### In re PRESTON.

(Supreme Court, Special Term, Suffolk County. May, 1904.)

1. INSANE PERSONS—INQUISITION—CONFIRMATION.

> Where the evidence on an inquisition to determine the competency of an alleged incompetent person showed that he had well-recognized symptoms of incipient, if not actual, senile dementia, and the jury, after hearing the case during an entire day and evening, decided it after midnight, having been out only one hour—the commissioner dissenting from its finding that the alleged incompetent was competent—the court will refuse to confirm the inquisition.

Motion to confirm an inquisition in the matter of Jonathan Preston, an alleged incompetent person. The hearing was had before Timothy M. Griffing, Esq., sole commissioner, and 21 jurors. It began in the morning of March 1st, and continued, with only brief adjournments, until nearly 2 o'clock in the morning of March 2d, at which time the case was submitted to the jury. After being out for about one hour, the jury came in with an inquisition to the effect that Mr. Preston was competent. This inquisition was signed by 20 of the jurors, but the commissioner dissented therefrom. Motion denied.

Le Roy E. Raynor, for the motion.

Herbert L. Fordham, opposed.

SMITH, J. After a careful examination of the affidavits and evidence presented upon this application, I am convinced that substantial justice will be done by refusing to confirm the inquisition, and directing that another hearing be had before the same commissioner by another jury.

I am persuaded to this determination, without impeaching the good faith or honest intention of any of the jurors, by three principal reasons:

1. The evidence seems to disclose, without substantial contradiction, that the alleged incompetent has recently made a change in the disposition of his entire estate radically different from his intentions formed when he was concededly competent, which intentions were entirely reasonable, and such as were naturally to be expected under all the circumstances of his history, associations, and relationships. He has recently failed very much in memory, mental acuteness, and physical strength. He has become suspicious, without cause, of the men who justly enjoyed his confidence and respect when he was physically and mentally vigorous. He has recently become very apprehensive of poverty, without the slightest justification. These are all well recognized symptoms of incipient, if not actual, senile dementia.

2. If it be assumed that despite this evidence the jury was better able to pass upon the competency of Mr. Preston, because he was before them, and they had an opportunity to see him and to hear him, this advantage was negatived by the dissent of the very able, intelligent, and experienced commissioner from the finding of the jury, for the very reason that Mr. Preston's appearance and demeanor under examination satisfied him that he was incompetent. A jury, many of whose members resided in the same village with Mr. Preston, and saw him at frequent intervals, would not be so impressed with his failing powers as one who saw him either infrequently or for the first time.

3. The commissioner, even with the assent of the jury, should not have permitted the case to be submitted to them for deliberation and decision after midnight, at the close of a session which commenced in the morning of the preceding day. After such a prolonged session, and at such a late hour, the members of the jury could not have been in a fit physical and mental condition to give fair consideration and deliberation to a matter of so much importance.

An order will be made in accordance with this memorandum.

Ordered accordingly.